IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| STEVEN B. WALL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CIVIL ACTION No._____ |
| v. | ) | |
| | ) | |
| TRAJAN LANGDON, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Steven B. Wall, by and through undersigned counsel, for his Complaint against the Defendant, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2. This Court has personal jurisdiction over the Defendant because, among other things, Defendant has extensive contacts with North Carolina and he signed the promissory note that is the subject of this suit as part of a business transaction, pursuant to which he obtained an ownership in a limited liability company that was headquartered in Durham, North Carolina.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant is considered a resident of this district for venue purposes and a substantial part of the events and omissions giving rise to the claims occurred in this district.

### PARTIES

4. Mr. Wall is a citizen and resident of Durham County, North Carolina.

1

5. Upon information and belief, Defendant is a citizen and resident of Arlington County, Virginia.

## FACTS

6. For valuable consideration given and as part of a commercial transaction, Defendant executed and delivered to Mr. Wall a promissory note dated July 17, 2013, pursuant to which Defendant is indebted to Mr. Wall in the principal amount of $261,000.00 ("Note"). A true and accurate copy of the Note is attached hereto as Exhibit A, and is incorporated herein by reference.

7. The Note requires Defendant to pay the entire principal balance, plus accrued interest at the rate of ten percent (10%) per year on the unpaid balance from July 17, 2013 until paid in full or default and any cure period has expired, on or before February 28, 2014.

8. In February, 2014, Defendant acknowledged the validity of the Note.

9. To date, Mr. Langdon has made no payments pursuant to the Note.

10. As required by the Note, on August 24, 2015 Mr. Wall gave Defendant notice of the default and opportunity to cure within ten (10) days. A true and accurate copy of this notice is attached hereto as Exhibit B, and is incorporated herein by reference. Again, Defendant failed to make payment on the Note.

11. Because Defendant failed to cure the Default, the Note allows for the entire principal balance and accrued interest through September 3, 2015 (which is when the cure period expires) to become immediately due and payable and for interest to begin to accrue thereafter at the default rate of twenty-five percent (25%).

12. As of September 4, 2015, the total amount due and owing on the Note is $316,703.99. This amount includes $261,000.00 in principal and $55,703.99 in interest, which, as of September 4, 2015, continues to accrue at the rate of $178.77 per diem.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

13. Mr. Wall realleges and incorporates by reference the allegations of paragraphs 1 through 12 above as though set forth fully herein.

14. Defendant executed and delivered the Note to Mr. Wall.

15. The Note is a valid, binding contract between Defendant and Mr. Wall.

16. Mr. Wall has performed all of his obligations under the Note.

17. Defendant's conduct as described herein constitutes a breach of the Note.

18. Mr. Wall, by reason of Defendant's breach, has been damaged and is entitled to declare all sums due under the Note at once due and payable, and does hereby accelerate the debt, reserving any and all other rights and remedies of Mr. Wall.

19. Mr. Wall demands judgment against Defendant for the amount due under the Note, plus interest and his reasonable attorney's fees, as provided in the Note and under North Carolina law.

WHEREFORE, Plaintiff Steven B. Wall prays:

1. That the Court grant Plaintiff a judgment against Defendant in the amount of $316,703.99, with interest accruing from September 4, 2015 to the date of judgment at the rate of $178.77 per diem and with interest accruing after judgment at the highest legal rate;

2. That the Court award Plaintiff his reasonable attorneys' fees and costs associated with this action, in an amount of 15% of the outstanding balance; and

3. That Plaintiff have and recover such other relief as the Court may deem just and proper.

This, the 4th day of September, 2015.

WILLIAMS MULLEN

BY: /s/ Camden R. Webb
Camden R. Webb
N.C. State Bar No. 22374

BY: /s/ Kacy L. Hunt
Kacy L. Hunt
N.C. State Bar No. 38259

P.O. Box 1000
Raleigh, North Carolina 27602
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
crwebb@williamsmullen.com
klhunt@williamsmullen.com
*Attorneys for Plaintiff*
